HALL, Judge.
Mrs. Vera Ann McKenna Crawford brought suit against Fred W. Reed (hereinafter referred to as “defendant”) and his public liability insurer seeking to recover damages for personal injuries and for damage to her car resulting from an intersec-tional collision which occurred in the City of New Orleans (Algiers) on April 26, 1963 at approximately 10:30 P.M. She prosecutes this appeal from a judgment on the merits rejecting her demands and dismissing her suit at her cost.
The issues are purely factual. The law is too well settled to require comment.
The accident occurred at the intersection of Huntlee Drive and MacArthur Boulevard. Huntlee Drive is a two lane two-way street which runs in a north-south direction. MacArthur Boulevard runs in an east-west direction and is a right-of-way thoroughfare consisting of two roadways of three traffic lanes each divided by a twenty foot neutral ground. The two streets intersect at right angles.
Immediately prior to the accident plaintiff was driving her car in a northerly direction on Huntlee Drive and defendant .was proceeding in his automobile in an easterly direction on MacArthur Boulevard. A traffic sign on Huntlee Drive requires north bound traffic on that street to come *49 to a stop before entering the intersection. Both drivers were familiar with the intersection and both agree that a residence situated on the south-west corner of the intersection requires one proceeding north on Huntlee Drive to proceed two or three feet into the intersection (or at least into the pedestrian lane) in order to get a clear view of traffic approaching from his left (or in an easterly direction) on MacArthur Boulevard.
Plaintiff’s counsel contends that plaintiff came to a gradual stop at the “stop” sign on Huntlee Drive; edged out two or three feet into the intersection and stopped again to observe on-coming traffic from her left; that defendant’s car ran into her while she was at a dead stop at this point.
Testimony on behalf of plaintiff is extremely meager.
Plaintiff herself, unfortunately, remembered very little about the accident due to the fact that she suffered a brain concussion by being thrown from her car and did not regain consciousness until two days later. A Mrs. Johnson who was a passenger in plaintiff’s car, testified that she (Mrs. Johnson) remembered nothing of the accident except the fact that she also was severely injured. A colored maid, also a passenger in plaintiff’s car, could not be located.
We are thus relegated, insofar as plaintiff’s case is concerned, to the limited recollection of plaintiff herself.
She testified that the last thing she remembered was that she was at a stop two or three feet into the intersection; that at that point she could see about a block out MacArthur Boulevard to her left; that she looked to the left and saw “lights coming” ; that she “had no idea” how far away the lights were nor in what lane of MacArthur Boulevard she observed them; that she “didn’t remember” whether the lights gave her cause for alarm; that she had “no recollection” of any movement she might have made after coming to a stop; and that she didn’t remember being struck.
Mrs. Johnson, one of the passengers in plaintiff’s car, being called as a witness on plaintiff’s behalf, testified that she did not recall a single detail of the accident and that her doctor had told her she never would. She stated that she was a friend of plaintiff’s and was “on her side”. It was brought out in her testimony that she had received $5,000.00 from plaintiffs insurer in settlement of her injuries although what, if any, statements she made to the insurer is unknown. In an attempt to impeach Mrs. Johnson’s testimony, plaintiff placed a Mrs. Mary Gibson on the stand who testified that about six months prior to the trial Mrs. Johnson had told her some of the details of the accident, particularly that Mrs. Johnson had told her plaintiff had come to a stop at the intersection. Mrs. Johnson denied having any such conversation with Mrs. Gibson. We do not regard any of this testimony as having any material bearing on the case.
Defendant testified that he was proceeding east on MacArthur Boulevard at 30 miles per hour (speed limit 35 m. p. h.) in the traffic lane next to the neutral ground. He was alone in his car but his wife was closely following him in her own car; there was no other traffic on the street. As he approached the intersection he saw nothing, but when he was about midway of the intersection he saw a white flash out of the corner of his right eye and was immediately hit in the right front by plaintiff’s vehicle; that his car was hurled some twenty or twenty-five feet across the neutral ground and came to rest in the opposite roadway of MacArthur Boulevard; that plaintiff’s car came to rest facing east after hitting the rear of a car which was parked in the curb or parking lane of MacArthur Boulevard a short distance east of the intersection. Defendant testified that plaintiff’s car dashed into the intersection too fast for him to apply his brakes or.to take any *50 evasive action. He stated that the damage to his car was “on the whole right hand side * * * the cars pancaked; ” that the main damage to plaintiff’s car was to the front and left side.
Defendant’s wife corroborated defendant’s testimony in all material particulars. She testified that she was following about half a block behind her husband’s car; that he was driving in the traffic lane next to the neutral ground; that she saw a “white streak” come from the right and hit her husband’s car in the right front fender and push him over the neutral ground area into the opposite roadway of MacArthur Boulevard; that her husband’s car travelled about forty feet before coming to rest; that plaintiff’s car hit a parked car in the right lane of MacArthur Boulevard and came to rest; that the damage to her husband’s car was to the right front fender and door.
The police officer who investigated the accident was in a hospital on the date of the trial having himself been the victim of a traffic accident and was unavailable to testify.
Plaintiff contends that the point of impact between the vehicles must have been in the parking lane next to the curb else plaintiff’s car would not have come to rest where it did; that plaintiff therefore must have been struck as she was at a stop two or three feet into the intersection. In our opinion the place where vehicles come to rest after an accident is unreliable proof in itself of how the accident occurred; too many unknown forces are involved.
The Trial Judge evidently accepted defendant’s version of the accident and we find no manifest error in his evaluation of the testimony.
For the foregoing reasons the judgment appealed from is affirmed; plaintiff-appellant to bear the costs of this appeal.
Affirmed.